Per Curiam.

No; the plaintiff should have taken his cognovit, and entered his judgment for a sum above 250 dollars, (a) to entitle to supreme court costs; they cannot other wise be allowed.

The following question was also submitted:

Several suits are consolidiated by rule, on a policy of assurance ; if the leading suit should recover more than 250 dollars, and the other suits less, will the party be entitled, by virtue of the consolidation rule, to supreme court cost" on the suits that are under 250 dollars ?

Per Curiam.

We think not.

 On judgments by confession on warrants of attorney, and the condition of the obligation with interest on the sum actually due shall not exceed 50 dollars, no more costs shall be recovered against the defendant than 10 dollars. On such judgments in the common pleas, when no more than 25 dollars due, no costs from the defendant; when more, only 10 dollars. Laws of N. Y., vol. 5, p. 116, sess. 30, c. 107. The judgment is said to be the criterion (in other cases) to determine, according to the rule of which court the costs are to Ige taxed. Van Antwerp v. Ingersoll, 2 Caines’ Rep. 107. That judgment is not, however, the amount recovered, but the damages assessed, without even the six cents, or any other costs. Van Horne v. Petrie, ib. 213; Seaman v. Baillie, ibid, 214. But this rule does not apply in actions against attorneys, who are always liable to pay supreme court costs, (if the recovery be above 25 dollars,) though he must bring himself within tho act “to reduce the laws concerning costs into one statute,” (1 Rev. Laws, 528,) to obtain them. Bailey's case, 1 Johns. Cas. 32. Walsh and others v. Sackrider, 7 Johns. Rep. 537. Aliter, when the recovery is under 25 dollars Moulton v. Hubbard, 6 Johns. Rep. 332.

] See New York Code of Proceedure, Title X.